No. 68. North British & Mercantile Ins. Co. v. Steiger. This was a suit upon an insurance policy. The case having been once before this court, a reference to the opinion there filed as found in 13 Bradwell, page 482, will give the facts necessary to an understanding of the case. In the view the court takes, it will be unnecessary to notice but one of the large number of questions raised and elaborately discussed by counsel, and that arises upon the following clause in the policy sued upon: " If the assured shall have or shall hereafter make any other contract of insurance, whether valid or not, on the property insured, or any part thereof, without the consent of the company written hereon, * * * then and in every such case this policy shall become void." The policy was dated October 6, 1881, and permitted other concurrent

insurance to the extent of $1,500.   There was another policy
issued by the German American  Insurance Co. upon the same
property, dated upon the same day, to the amount of $1,750.
On the 13th day of March, 1882, appellee procured a policy
in the Hamburg Magdeburg Fire Insurance Company upon
the same property for the sum of $1,000.   These three pol-
icies were all existing and uncanceled up to the destruction of
the property insured, which occurred upon the 16th day of
April, 1882.   Procuring these policies in excess of the amount
allowed was clearly a violation of the policy issued by ap-
pellant, and would render it void unless waived.   As to the
policy existing at the time, the court does not feel warranted
in ignoring the finding of the jury, that there had been a
waiver, but the court finds no evidence even tending to show
that appellant or its agent ever knew of the existence of the
policy issued in March, 1882, until after the destruction of
the fire.   No waiver being shown, the procuring of such pol-
icy was a violation of the conditions of the one sued upon.
Counsel for appellee assumes in his argument the existence of
the Hamburg Magdeburg policy at the date of the one sued
upon, and as it may be possible that this record does not dis-
close the true state of facts concerning it, the cause is re-
manded.   Reversed and remanded.   Opinion by CONGER, J.
Judge below, J. A. CREIGHTON.   Attorneys, for appellant,
Messrs. PALMER, ROBINSON & SHUTT; for appellee, Messrs.
BRADLEY & BRADLEY.   Opinion filed Feb. 25, 1886.